Jeffrey Buckner (4546)
Assistant Attorney General
Utah Attorney General's Office
Commercial Enforcement Division
160 E. 300 South, Fifth Floor
P. O. Box 140872
Salt Lake City, UT 84114-0872
Phone: 801-366-0105
Jbuckner@utah.gov

John Einstman (*pro hac vice pending*)
JonMarc P. Buffa (*pro hac vice pending*)
COMMODITY FUTURES TRADING COMMISSION
1155 21st Street, N.W.
Washington D.C. 20581
Phone: 202-418-5332 (Buffa)
Fax: 202-418-5531
jeinstman@cftc.gov
jbuffa@cftc.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | CIVIL ACTION NO.: 2:11-cv-00817-BCW |
| Plaintiff, | |
| v. | **COMPLAINT** |
| LUCID FINANCIAL, INC., | |
| Defendant. | |

Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), by its attorneys, alleges as follows:

## I. SUMMARY

1. On October 18, 2010, the CFTC adopted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("the Dodd-Frank Act") and the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008, §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) ("CRA")) with respect to off-exchange foreign currency ("forex") transactions. Pursuant to Section 2(c)(2)(C)(iii)(I)(aa) of the Commodity Exchange Act ("the Act"), as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), an entity must be registered if it wants to solicit or accept orders from a non-Eligible Contract Participant ("ECP") in connection with forex transactions at a retail foreign exchange dealer ("RFED") or futures commission merchant. Pursuant to CFTC Regulation ("Regulations") 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011), in connection with forex transactions, all introducing brokers ("IBs") must be registered with the CFTC as of October 18, 2010.

2. Beginning on October 18, 2010, and continuing to at least August 1, 2011 ("the relevant period"), Defendant Lucid Financial, Inc. ("Lucid" or "Defendant"), while acting as an IB, solicited orders from non-ECPs in connection with forex transactions at an RFED without registering with the CFTC, in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(5)(i) 17 C.F.R. § 5.3(a)(5)(i) (2011).

3. By virtue of this conduct and the further conduct described herein, Defendant has engaged in acts and practices in violation of the Act and Regulations.

4. Accordingly, pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2), the Commission brings this action to enjoin Defendant's unlawful acts and practices and to compel its compliance with the Regulations and to further enjoin Defendant from engaging in certain commodity or forex-related activity including, through its website, soliciting customers.

5. In addition, the Commission seeks civil monetary penalties and remedial ancillary relief, including, but not limited to, trading and registration bans, rescission, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

6. Unless restrained and enjoined by this Court, Defendant may continue to engage in the acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.

## II. JURISDICTION AND VENUE

7. Section 6c(a) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

8. The Commission has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act as amended, to be codified at 7 U.S.C. § 2(c)(2).

9. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(e), because Defendant transacted business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred and may be continuing to occur within this District.

### III. PARTIES

10. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with the administration and enforcement of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Commission's Regulations 17 C.F.R. §§ 1.1 *et seq.* (2011).

11. Defendant **Lucid Financial, Inc.** is a corporation with its principal place of business located at 1173 South 250 West, Suite 302, Saint George, Utah 84770. Lucid was incorporated on May 3, 2005. Lucid has never been registered with the Commission in any capacity.

### IV. STATUTORY BACKGROUND

12. For the purposes of trading forex, an "introducing broker" is defined in Regulation 5.1(f)(1), 17 C.F.R. § 5.1(f)(1) (2011), as any person who solicits or accepts orders from a customer who is not an ECP as defined in section 1a of the Act, as amended, to be codified at 7 U.S.C. § 1a, in connection with retail forex transactions.

13. An ECP is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk

associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." Section 1a of the Act, as amended, to be codified at 7 U.S.C. § 1a.

## V. FACTS

14. On October 18, 2010, the Commission adopted new regulations implementing certain provisions of the Dodd-Frank Act and the CRA. For the purpose of forex transactions, the new regulations, among other things, require IBs to register with the CFTC.

15. During the relevant period, Defendant acted as an IB by maintaining two websites containing Lucid's name, www.whylucidfx.com and www.investlucid.com (which automatically directs to www.whylucidfx.com), through which Defendant solicited funds from United States customers for the purpose of opening and maintaining individual retail foreign currency trading accounts and participating in off-exchange forex transactions.

16. During the relevant period, Defendant also engaged in business by conducting correspondence with customers through its two websites, by accepting customer telephone calls through a United States telephone number, (801) 592-1026, and by accepting customer email correspondence at: info@investlucid.com.

17. During the relevant period, Defendant represented, the following to customers in its website www.whylucidfx.com in the "About Lucid" page, which stated:

> Authoritative Forex fund that focuses 100% on trading different currency pairs. We trade FOREX using established correlation and scalping techniques to obtain Alpha. Our premier trade strategies are realistic, comprehensive, and catered toward investors who can risk more and seek out higher returns. Our number one principle goal is Alpha. With High alpha comes risk!

18. During the relevant period, customers opened forex trading accounts with Defendant through its www.whylucidfx.com website by completing an "Accredited Investor Form," which listed Defendant's terms of service, and then completing an online account opening form. During the relevant period, Defendant accepted funds from customers located in the United States.

19. During the relevant period, Lucid's website includes a "Withdrawal of Funds / Account Closing Request" form that stated, in pertinent part:

> The client has taken note of all the trading activities carried out on his account with Lucid Financial and, by signing here below, the client ratifies them in complete knowledge and understanding thereof. The client fully discharges Lucid Financial of all liabilities related to the undertaken trades that has been performed to the client's entire satisfaction and authorizes Lucid Financial to close out any open positions relative to his account with Lucid Financial.

20. On information and belief, during the relevant period, the forex transactions for which Lucid solicited customers neither resulted in delivery within two days nor created an enforceable obligation to deliver between a seller and a buyer who had the ability to deliver and accept delivery, respectively, in connection with their lines of business. Rather, these forex contracts were to remain open from day to day and ultimately were offset without anyone making or taking delivers of actual currency (or facing an obligation to do so).

21. Furthermore, Lucid is not exempt from registration.

22. As of the date of filing this complaint, Defendant has not registered with the CFTC in any capacity.

## VI.   VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT ONE:
### VIOLATION OF SECTION 2(c)(2)(C)(iii)(I)(aa) OF THE ACT, AS AMENDED BY THE CRA
### FAILURE TO REGISTER

23.   Paragraphs 1 through 22 are realleged and incorporated herein.

24.   As set out in Paragraphs 1 through 22, during the relevant period, Lucid solicited or accepted orders and continues to solicit or accept orders from non-ECPs in connection with forex transactions at an RFED. Defendant has engaged and may continue to engage in this conduct without being registered as an IB, as required by Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011), in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

25.   During the relevant period, each day that Lucid engaged in this conduct since October 18, 2010, is alleged as a separate and distinct violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

### COUNT TWO:
### VIOLATION OF REGULATION 5.3(a)(5)(i)
### FAILURE TO REGISTER AS AN INTRODUCING BROKER

26.   Paragraphs 1 through 25 are realleged and incorporated herein.

27.   As set out in Paragraphs 1 through 25, during the relevant period, Lucid acted as an IB as defined in Regulation 5.1(f)(1), 17 C.F.R. § 5.1(f)(1) (2011), and failed to register as an IB, in violation of Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011).

28. During the relevant period, each day that Lucid failed to register as an IB since October 18, 2010, is alleged as a separate and distinct violation of Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011).

## VII. RELIEF REQUESTED

WHEREFORE, the CFTC respectfully requests that this Court, as authorized by Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, and pursuant to its own equitable powers, enter:

A. An order finding that Lucid violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

B. An order finding that Lucid violated Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011);

C. An order of permanent injunction prohibiting Lucid, and any other person or entity associated with it, from engaging in conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

D. An order of permanent injunction prohibiting Lucid, and any other person or entity associated with it, from engaging in conduct violative of Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011);

E. An order of permanent injunction prohibiting Lucid, and any other person or entity associated with it or its website, from operating its website while in violation of

Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended, to be codified at Section 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2011);

F.  An order of permanent injunction prohibiting Lucid and any of its agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, from, directly or indirectly;

  1) Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended, to be codified at 7 U.S.C. § 1a);

  2) Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2011) ("commodity options")), swaps, and/or foreign currency (as described in Section 2(c)(2)(B), 2(c)(2)(C)(i) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(B), 2(c)(2)(C)(i) ("forex contracts")) for its own personal account or for any account in which it has a direct or indirect interest;

  3) Having any commodity futures, options on commodity futures, commodity options, swaps, and/or forex contracts traded on its behalf;

  4) Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, swaps, and/or forex contracts;

5) Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, swaps, and/or forex contracts;

6) Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011); and

7) Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2011)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

G. An order requiring Lucid, as well as any successors, to disgorge to any officer appointed or directed by the Court all benefits received including, but not limited to, salaries, commissions, loans, fees, revenues and trading profits derived, directly or indirectly, from acts or practices that constitute violations of the Act or Regulations, including pre-judgment interest;

H. An order directing Lucid, and any successors thereof, to rescind, pursuant to such procedures as the Court may order, all contracts and agreements, whether implied or express, entered into between them and any of the customers whose funds were received by them as a result of the acts and practices that constituted violations of the Act or Regulations, as described herein;

I.      An order requiring Lucid to pay a civil monetary penalty under the Act, to be assessed by the Court, in amounts of not more than the higher of $140,000 or triple the monetary gain for each violation of the Act or Regulations, plus post-judgment interest;

J.      An order requiring Lucid to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2006); and

K.      Enter an order providing such other and further relief as this Court may deem necessary and appropriate under the circumstances.

Dated: September 7, 2011                    Respectfully submitted,

PLAINTIFF COMMODITY FUTURES TRADING COMMISSION

Jeffrey Buckner (4546)
Assistant Attorney General
Utah Attorney General's Office

John C. Einstman (*pro hac vice pending*)
JonMarc P. Buffa (*pro hac vice pending*)
U.S. Commodity Futures Trading Commission